NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
29044
16-MAY-2011
07:49 AM

NO. 29044

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRANDON M. VALEROS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 06-1-2281)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Brandon Valeros (Valeros) appeals from his February 5, 2008 judgment of conviction in the Circuit Court of the First Circuit (circuit court).[1]  Valeros was convicted of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(d) (Supp. 2006).

On appeal, Valeros contends the circuit court (1) erred by allowing the State to call Timothy Santiago (Santiago) as a rebuttal alibi witness without proper disclosure under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 12.1; (2) violated Valeros's right to a fair and impartial judge by assisting the prosecution on evidentiary matters; (3) erred by allowing the prosecution to substantively argue evidence whose admissibility the court had limited to credibility purposes; and (4) erred by allowing the prosecution to impeach Valeros with an unauthenticated police report, in violation of Hawaii Rules of Evidence (HRE) Rule 901.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

_____

[1]  The Honorable Virginia Lea Crandall presided.

the arguments advanced and issues raised, we resolve Valeros's points of error as follows:

(1) The circuit court did not abuse its discretion in either allowing Santiago to testify as the State's rebuttal alibi witness or denying Valeros's Motion for a New Trial on these grounds. Santiago's testimony violated neither HRPP Rule 12.1[2] nor Valeros's constitutional rights.

---

[2] HRPP Rule 12.1 states:

(a) **Notice by defendant.** If a defendant intends to rely upon the defense of alibi, the defendant shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the prosecutor in writing of such intention and file a copy of such notice with the court.

(b) **Disclosure of information and witnesses.** Upon receipt of notice that the defendant intends to rely upon an alibi defense, the prosecutor shall inform the defendant in writing of the specific time, date, and place at which the offense is alleged to have been committed. The defendant shall then inform the prosecutor in writing of the specific place at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. The prosecutor shall then inform the defendant in writing of the names and addresses of the witnesses upon whom the government intends to rely to establish defendant's presence at the scene of the alleged offense.

(c) **Time of giving information.** The court may fix the time within which the exchange of information referred to in section (b) shall be accomplished.

(d) **Continuing duty to disclose.** If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under section (b) of this rule, the party shall promptly notify the other party or the party's attorney of the existence and identity of such additional witness.

(e) **Failure to comply.** Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from, or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in the defendant's own behalf.

(f) **Exceptions.** For good cause shown, the court may grant an exception to any of the requirements of this rule.

A reading of HRPP Rule 12.1 does not support Valeros's argument that the rule's plain language required disclosure of Santiago's testimony on these facts. Specifically, HRPP Rule 12.1(b) does not initially require disclosure unless a party intends to rely on a witness and it does not appear from the record that the State intended to rely on Santiago as a witness at the time of its initial disclosure.

In regards to Valeros's argument that Santiago's testimony violated the continuing duty to disclose obligation under HRPP Rule 12.1(d), that provision only applies to an "additional witness whose identity, if known, should have been included in the information furnished" pursuant to the required disclosures under HRPP Rule 12.1(b). Santiago was already disclosed by the defense. Consequently, he was not an "additional witness" within the meaning of this rule.

Furthermore, even if there had been a violation, the rule does not require exclusion of the offending testimony. HRPP Rule 12.1(e) ("Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party . . .") (emphasis added). Where Santiago was originally Valeros's own witness and the circuit court gave Valeros an opportunity to re-interview Santiago prior to the latter's testimony at trial, it was not an abuse of discretion to allow Santiago's testimony.

(2) The circuit court did not commit error or engage in improper conduct during Santiago's testimony. Valeros contends that the trial judge improperly assisted the prosecution. Read in context, however, the record indicates that the trial court called the bench conference to clarify a misunderstanding resulting from the sustained hearsay objection. Valeros has not demonstrated that the trial court assumed the role of an advocate or that its intervention was erroneous, prejudicial or the basis of an unfair trial. See State v. Hauge, 103 Hawai'i 38, 48, 79 P.3d 131, 141 (2003) ("[R]eversal on the grounds of judicial bias

3

or misconduct is warranted only upon a showing that the trial was unfair."); Mahoney v. Mitchell, 4 Haw. App. 410, 418, 668 P.2d 35, 40-41 (1983) (stating that unfairness requires a clear and precise demonstration of prejudice).

(3) The prosecutor did not violate the circuit court's limiting instruction during closing remarks. Valeros asserts that the prosecutor's argument violated the court's earlier instruction that the investigator's testimony regarding Santiago's statements could be considered for impeachment purposes only. We disagree. The prosecutor pointed to the testimony in the context of discussing the credibility of Valeros's witnesses. The remarks were in line with the court's instructions and the trial court did not abuse its discretion in allowing them.

(4) There was no error in the prosecution's use of an unauthenticated police report to impeach Valeros's trial testimony. The prosecution laid the foundation for introduction of the police report under HRE Rules 608(b) and 613(b) by asking Valeros whether he made the inconsistent statement regarding his weight at the time of his arrest to Officer Christopher Chung (Officer Chung) and misrepresenting his weight to the officer would qualify as a specific instance of conduct bearing on Valeros's credibility. Although the prosecutor could have recalled Officer Chung to authenticate the police report as extrinsic evidence that Valeros made a prior inconsistent statement regarding his weight, the prosecutor chose not to do so. Nevertheless, the jury was instructed that it must base its verdict on the evidence and that statements by counsel do not constitute evidence and we presume, absent contrary evidence that the jury followed those instructions. See, e.g., State v. Kupihea, 80 Hawai'i 307, 317-18, 909 P.2d 1122, 1132-33 (1996) (jury instruction that counsel's argument was not evidence

4

presumed to be followed). As such, the trial court did not err in allowing impeachment without introduction of the police report.

Therefore,

IT IS HEREBY ORDERED that the Judgment, entered on February 5, 2008, by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 16, 2011.

On the briefs:

Karen T. Nakasone,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge